# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISHNA PETTIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-292-D |

## REPORT AND RECOMMENDATION

Plaintiff Krishna Petties brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.[1] United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner answered and filed the administrative record (Doc. No. 9, hereinafter "R.__"). The parties having briefed their positions, the case is now ready for decision.

---

[1] Plaintiff's Brief (Doc. No. 11) refers only to the DIB application, while the Complaint (Doc. No. 1) alleges error in the denial of both the DIB and SSI applications. The undersigned has considered Plaintiff's arguments and reviewed the propriety of the SSA's denial with respect to both the DIB and SSI applications.

For the reasons set forth below, the undersigned recommends that the Commissioner's decision be reversed and remanded.

PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on June 20, 2011, alleging a disability onset date of June 19, 2011. R. 112-24, 148-51. Following denial of her applications initially and on reconsideration, Plaintiff was granted and attended a hearing before an Administrative Law Judge ("ALJ") on August 13, 2012. R. 33-54. The ALJ issued an unfavorable decision on October 19, 2012. R. 19-32. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-7; *see also* 20 C.F.R. §§ 404.981, 416.1481. This action for judicial review followed.

ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits, though if a disability determination can be made at any one of the steps, then evaluation under a subsequent step is not necessary. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. R. 24; *see* 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ determined that Plaintiff had the medically determinable impairments of eczema and asthma. R. 24-25. The ALJ then determined that Plaintiff did not a severe impairment or combination of impairments—i.e., that Plaintiff did not "have an impairment or combination of impairments that has significantly limited (or is expected

to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." R. 25, 27; *see* 20 C.F.R. §§ 404.1521, 416.921. On that basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 19, 2011, though the date of the decision. R. 25-27; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). *See generally* 20 C.F.R. §§ 404.1505(a) ("To meet this definition [of disability], you must have a severe impairment(s) that makes you unable to do your past relevant work or any other substantial gainful work that exists in the national economy." (citation omitted)), 416.905(a) (same).

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in

3

weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff contends that the ALJ's step-two determination that Plaintiff has no severe impairments is not supported by substantial evidence. Pl.'s Br., Doc. No. 11, at 2. Plaintiff asserts that the ALJ did not properly evaluate the medical evidence and, specifically, did not consider probative evidence contrary to his conclusion. Pl.'s Br. at 3-9.

Plaintiff asserts—and the ALJ found—that Plaintiff has the medically determinable impairments of eczema and asthma. *See* Pl.'s Br. at 2; R. 24. For these impairments to be found "severe" at step two, Plaintiff must show that they have a significantly limiting effect on her ability to do basic work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); 20 C.F.R. §§ 404.1520(c), 416.920(c). Thus, at issue is whether Plaintiff has shown that her eczema and/or asthma caused functional limitations that prevent her from performing any basic work activities for the required 12-month duration. *See Lax*, 489 F.3d at 1084.

It is plain and unavoidable that the ALJ did not adhere to the proper legal standards in making this determination. Under Tenth Circuit law, the ALJ's decision must be reversed and remanded for further review. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("If, however, the correct legal test in

weighing evidence has not been applied, . . . such failure constitutes grounds for reversal.").

In claiming that she has a severe impairment, Plaintiff relies on three medical records for support. *See* Pl.'s Br. at 4. The first two records—a July 13, 2010 record from an office visit with Heather Hennigan, PA-C, and an August 16, 2010[2] record from an office visit with Mike Garrison, MD—indicate that Plaintiff suffers from dermatitis/eczema and a visual disorder (as well as other impairments not argued by Plaintiff and, therefore, not relevant here), but arguably do not reflect findings or medical opinions of any type of functional limitations caused by the impairments. *See* R. 206, 235. However, the third medical record cited by Plaintiff—a September 6, 2012 Physical RFC Assessment—reflects Dr. Garrison's opinion that Plaintiff's eczema and/or other impairments resulted in manipulative limitations in fingering and feeling, as well as visual limitations in near acuity and far acuity. R. 237-43.

Plaintiff asserts that the ALJ violated controlling legal standards by failing to consider this medical evidence, or to discuss his reasoning for rejecting it. Pl.'s Br. at 4-9. In his decision, the ALJ mentioned Dr. Garrison's PRFC Assessment and listed the areas of functioning as to which Dr. Garrison stated that Plaintiff did *not* have any limitations. R. 25. But the ALJ completely failed to discuss Dr. Garrison's opinion that Plaintiff *does* have certain limitations in the areas of manipulation and vision. *See id.*; R. 240 (noting "LIMITED" ability on: "[f]ingering (fine manipulation)"; "[f]eeling (skin

---

[2] Plaintiff dates the medical record at R. 235 as August 21, 2012; however, the date of that office visit was August 16, 2012. *See* Pl.'s Br. at 4; R. 235.

receptors); "[n]ear acuity"; and "[f]ar acuity"; stating that Plaintiff's "severe eczema has damaged eye" and Plaintiff "may need surgery"). "[I]n addition to discussing the evidence supporting his decision, the ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996). In the context of a step-two analysis—where the ALJ is deciding whether a claimant's impairment or combination of impairments significantly limits her ability to do basic work activities, *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c)—Dr. Garrison's PRFC Assessment was significantly probative evidence that the ALJ was required to consider to appropriately decide that Plaintiff had no severe impairments. *See Clifton*, 79 F.3d at 1009-10; 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). The ALJ failed to do so.

Moreover, although Plaintiff does not elaborate on the point, she characterizes Dr. Garrison's PRFC Assessment as a medical opinion offered by a treating physician. Pl.'s Br. at 5. A "medical opinion" is a regulatory term reserved for "judgments about the nature and severity of a claimant's impairment(s), including his symptoms, diagnosis and prognosis, what he can still do despite impairment(s), and his physical and mental restrictions." *Lackey v. Barnhart*, 127 F. App'x 455, 458 (10th Cir. 2005) (alterations and internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Further,

> [a] physician's opinion is deemed entitled to special weight as that of a 'treating source' when he has seen the claimant "a number of times and long enough to have obtained a longitudinal picture of the claimant's

6

> impairment," taking into consideration "the treatment the source has provided" and "the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories."

*Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003) (alteration omitted) (quoting 20 C.F.R. §§ 404.1527(c)(2)); *accord* 20 C.F.R. § 416.927(c)(2). In the September 6, 2012 PRFC Assessment, Dr. Garrison opined as to specific physical limitations suffered by Plaintiff, and he did so after having seen Plaintiff at least six times over a year and a half. R. 237-43; *see* R. 207-14, 228-36. The record therefore reflects that this was a medical opinion issued by Plaintiff's treating physician.

Under SSA regulations and Tenth Circuit precedent, the Commissioner will generally give more weight to medical opinions from treating sources than those from nontreating sources. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ must first determine if the treating source opinion is entitled to controlling weight. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If the opinion is not entitled to controlling weight, it is still entitled to deference, and the ALJ must then determine the proper weight for the opinion using certain regulatory factors. *Id.* at 1301. The "ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion." *Id.* at 1300 (internal quotations omitted). Further, those reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* (internal quotations omitted). "[I]f the ALJ rejects the opinion completely, he must . . . give specific, legitimate reasons for doing so." *Id.* at 1301 (internal quotations omitted). As follows from the ALJ's failure to mention or

7

discuss Dr. Garrison's statements regarding Plaintiff's limitations in the areas of manipulation and vision, the ALJ did not comply with the above requirements for analyzing a treating source's medical opinion.

The Commissioner argues that any errors arising from the ALJ's failure to discuss Dr. Garrison's Assessment were harmless. Even if the Court were to determine that the harmless error doctrine could be applied to the particular types of legal errors described above, including a failure to conduct a proper treating physician analysis, the ALJ's errors were not harmless in the context of a step-two determination. At step two, Plaintiff bears the burden of demonstrating an impairment or combination of impairments that significantly limits her ability to do basic work activities. *See Bowen*, 482 U.S. at 146. In other words, under Social Security regulations, in order for an impairment to be considered "severe," it must significantly impact ability to do work. 20 C.F.R. §§ 404.1520(c), 416.920(c). The showing required to meet this threshold has been described by the Tenth Circuit as "de minimis." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). In an oft-cited concurring opinion, Justice O'Connor explained the purpose of a low threshold at this early point of the sequential evaluation: "[S]tep two may not be used to disqualify those who meet the statutory definition of disability. . . . . Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking [the subsequent] vocational analysis." *Bowen*, 482 U.S. at 157 (O'Connor, J., concurring). The Commissioner's interpretation of SSA regulations reflects the same point:

> Great care should be exercised in applying the not severe

> impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

SSR 85-28, 1985 WL 56856, at *4 (1985).

Here, the ALJ ended his analysis at step two, resting his entire decision on the finding that Plaintiff had no set of limitations that meet the minimal threshold of significantly impacting Plaintiff's ability to work. Because a treating physician's finding of manipulative and visual limitations is plainly relevant to the step-two analysis, and the ALJ made no later findings that would independently support his disability determination, the failure to consider Dr. Garrison's Assessment cannot be excused as harmless. *Cf. Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."). The Court is "not in a position to draw factual conclusions on behalf of the ALJ." *Id.* (internal quotation marks omitted).

Based on the recommendation that this matter be remanded, the undersigned need not address the remaining claims of error raised by Plaintiff. *See Watkins*, 350 F.3d at 1299 ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). Accordingly, this matter should be remanded for proper application of the correct legal standards in considering the opinion of Plaintiff's treating physician.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be REVERSED and REMANDED. In making this recommendation, the undersigned takes no position on the weight to be given to Dr. Garrison's opinion or the merits of Plaintiff's disability claim, and "[no] particular result" upon remand is recommended. *See Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This recommendation is made only to ensure that the correct legal standards are followed in reaching a decision based on the facts of this case. *See Angel v. Barnhart*, 329 F.3d 1208, 1214 (10th Cir. 2003).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by August 21, 2015. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 31st day of July, 2015.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE